THERESA ANGLIM, APPELLEE, v. CITY OF OMAHA, APPELLANT.

299 N. W. 353

FILED JULY 18, 1941.   No. 31141.

*Harold C. Linahan, W. W. Wenstrand* and *Edward Sklenicka,* for appellant.

*Ziegler, Dunn & Becker* and *D. L. Manoli, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and SPEAR and FALLOON, District Judges.

FALLOON, District Judge.

This is an action by Theresa Anglim, appellee, who claims to be the widow of James T. Anglim, deceased, a former city of Omaha fireman.   She claims a widow's pension under section 35-201, Comp. St. 1929, which provided that a pension should "be paid to the widow of such deceased fireman during such time as she shall remain the widow of such deceased fireman."   The appellee claimed she was the surviving widow, had not remarried since her husband's death, on July 12, 1939, and that she was entitled to $75 a month from the date of the death to the date of the judgment and

a like sum, monthly in the future, as long as she remained the widow.

The appellant, city of Omaha, in its answer, admitted that James T. Anglim was placed on the roll as a pensioned fireman during the year 1922 and remained there until the date of his death. For defense, appellant alleged that a divorce had been granted the deceased husband by the courts of Nevada, and that, under the full faith and credit clause of the federal Constitution, the marriage relation was dissolved and therefore appellee was not the wife of James T. Anglim at the time of his death. As a further defense, in the probate proceedings, the widow having filed her election, the Nevada court again declared she was not the widow and, under the full faith and credit clause, likewise it must be given effect here and therefore she was not the widow and thereby barred from obtaining any relief under the fireman's pension act affecting the city of Omaha.

The reply set up the separate maintenance decree obtained in the Douglas county district court, the various attempts to obtain an absolute divorce by the husband, and the denials thereof by the courts of Douglas county, and that the Nevada court decrees were not binding on appellee.

R. B. Hasselquist, as executor of the James T. Anglim estate, sought to intervene in this action, which was denied, and then the said executor sought to appear as a friend of the court, which likewise was not permitted by the trial court.

The trial court found generally for the appellee and against the appellant. It found specifically that the appellee and James T. Anglim were married on or about October 4, 1899, in Omaha, where they continued to live together as husband and wife until the year 1923; that at that time the appellee filed her petition for divorce from bed and board and separate maintenance against her husband in the Douglas county district court; that on March 12, 1930, that court entered a decree finding James T. Anglim guilty of cruelty and granted appellee a divorce from bed and board; that in that cause James T. Anglim filed cross-petition for absolute

divorce; that on appeal to this court said decree was affirmed and has since remained in full force and effect; that the said James T. Anglim on one or more occasions sought to have decree modified or set aside and an absolute divorce granted, and that on each occasion his application was denied, and the orders so entered have remained in full force and effect.

The trial court further specifically found that on October 3, 1935, James T. Anglim filed his petition in that court against the appellee, charging cruelty and praying for an absolute divorce, and that upon a trial of this cause on its merits the petition of James T. Anglim was dismissed, which judgment remains in full force and effect.

The trial court further found that said James T. Anglim, on August 7, 1937, went to the state of Nevada, and on November 12, 1937, filed his complaint against the appellee in the first judicial district court of the state of Nevada, praying for an absolute divorce on the grounds of extreme cruelty, desertion in 1929, and that he and the said appellee had lived apart for more than five years, that a copy of said complaint and summons issued thereon were served upon the appellee herein in Douglas county, Nebraska, and that on the 13th day of January, 1938, said Nevada district court entered its decree purporting to grant said James T. Anglim an absolute divorce from the appellee.

The trial court further found that at the time of the Nevada decree and for several years prior thereto the appellee had been living separate and apart from said James T. Anglim under and by virtue of the decree of divorce from bed and board granted by the district court for Douglas county, Nebraska. The trial court further found that the appellee had at no time ever resided in the state of Nevada, nor had she ever been personally present in said state, and that she entered no legal appearance in the Nevada divorce proceedings. The trial court further found that the first judicial district court of Nevada was without jurisdiction over the person of the appellee, and without jurisdiction to determine and adjudicate the marital relation of appellee to the said James T. Anglim, by reason of the fact that the

marital status of the appellee had been previously adjudicated by the courts of Nebraska. The trial court further found that the said pretended decree of divorce granted in Nevada was procured in bad faith and by fraud upon the courts of Nebraska and upon the appellee.

The trial court further found that the said James T. Anglim died July 12, 1939, while in Nevada, and that his estate was probated in the district court for Nevada, that in said probate proceedings the appellee filed her notice of election to take as his widow under and by virtue of the laws of Nebraska, and that said district court in Nevada purported to make a finding in said estate proceedings that the appellee was not the widow of said deceased. The trial court further found that said Nevada court in the estate matter was without jurisdiction to make said finding, and that said finding is not entitled to full faith, either as a matter of comity or under the Constitution of the United States of America, and is not binding upon the appellee herein, and does not affect her status as the widow of the deceased James T. Anglim.

The trial court further found that, while living, James T. Anglim was entitled to and received a pension of $75 a month from the city of Omaha as a fireman, that the appellee is his widow, now unmarried and entitled to said pension, commencing July 15, 1939, together with interest. Judgment was entered on findings that she is the surviving widow of said James T. Anglim and for the sum of $1,009.51.

Motion for new trial was filed, overruled, and matter is here for review.

There is no need to set out the evidence, for there is no dispute thereon, except perhaps as to its interpretation, and we will say it bears out conclusively the findings of the trial court as to the facts. The only difference is the matter of opinion as to those findings which follow as a matter of law. The judgment of the trial court does not violate either the rule of comity or of the full faith and credit of the Nevada decrees. These decrees, while perhaps not fraudulent, were obtained by concealing the action of the Ne-

braska courts relative to the marital status of these parties. Our courts need not recognize as valid rights, because they are so declared by courts of another state, which rights, our same courts had already declared, do not exist. See *Anglim v. Anglim, ante*, p. 133, 299 N. W. 346, released herewith.

The appellant was not a party to the Nevada proceedings, but that gives it no advantage in these proceedings, nor does it impose any greater burdens thereon. The real question is whether the appellee is still the widow of the deceased husband. If she is, under the interpretation of this court, then she is entitled to all rights that status gives her. An unmarried widow, recognized as such by our courts, is entitled to the same pension as was obtained, in his lifetime, by her deceased husband, a metropolitan fireman.

As to the denial of the executor to intervene, the trial court was absolutely right, as the executor had no interest whatever in the suit. He might have appeared as a friend of the court, but that is a matter of discretion with the trial court. Its decision, if reasonable, cannot be criticized here.

Under the record, the decision of the trial court is correct and it is affirmed.

AFFIRMED.